## DANIEL B. CURD *v.* KING A. STINNETT.

**Trial—Instruction.**

An instruction which in effect tells the jury to give the evidence such consideration and weight in making up their verdict as they may deem proper, is not prejudicial to defendant as it left the jury free to act and can hardly be regarded as an instruction.

**Appeal—Reversal—Giving or Refusing Instructions.**

The Court of Appeals can not reverse a judgment for an error of the trial court in giving or refusing instructions, unless the ruling has been excepted to.

APPEAL FROM JESSAMINE CIRCUIT COURT.

June 7, 1873.

OPINION BY JUDGE PETERS:

After the evidence was concluded on both sides the jury retired to consider their verdict without having been instructed as to the law of the case, neither party having asked any instructions.

After an absence of several hours they returned into court and asked the judge what was the legal effect of a promise made by appellant to appellee that he would pay for the cattle if he would let

Lanham have them, and the judge told them, that if they believed from the evidence that Curd told Stonnett before he sold the articles charged to Lanham that he would pay for them, they might infer from that fact that Lanham and Curd were partners, or they might not so infer at their discretion. On the contrary, if they believed from the evidence that Curd made any such promise to Stinnett after the articles charged were sold to Lanham by Stinnett it did not bind Curd unless the promise was reduced to writing. This instruction left the jury free to put such construction on the evidence as they deemed proper, if indeed it would be regarded as an instruction. It was in effect saying to the jury, you have heard the evidence and you will give to it such weight in making up your verdict as you deem proper. This we can not regard as prejudicial to appellant.

But if it were otherwise there is no exception to the ruling of the court below in giving the instruction to the jury. And this court can not reverse a judgment for an error of the court below in giving or refusing instructions unless the ruling of that court is excepted to, as has been repeatedly decided.

There is some conflict in the evidence and the verdict certainly is not so flagrantly against the weight of the testimony as to authorize this court to interfere on that ground.

The judgment must be *affirmed*.

*Brown, for appellant.*

*Anderson, for appellee.*